ROBERTSON, Presiding Judge,
dissenting.
The parties to this appeal reached a compromised settlement, which specifically reserved McElhaney’s right to pursue a claim for wrongful discharge against McKeehan. The trial court’s judgment, approving the compromised settlement of the workmen’s compensation claims, specifically excluded any wrongful discharge claim by McElhaney.
I agree that under Rule 15, AR.Civ.P., trial judges are given discretion to allow or refuse amendments. Government Street Lumber Co. v. AmSouth Bank, 553 So.2d 68 (Ala.1989). Our supreme court has held that amendments to complaints are to be freely allowed unless it caused a trial on the issues to be unduly delayed or the opposing party to be unduly prejudiced; however, a trial court’s refusal of an amendment must be based on a valid ground. Id.
In this case, both McKeehan and the trial court knew that McElhaney intended to file a claim for wrongful discharge. McElhaney specifically reserved any claim for wrongful discharge, and, in fact, she amended her complaint on the same date of the settlement hearing to include this claim. The trial court struck the amended complaint almost two months later.
The amendment to the complaint certainly would not have caused an undue delay in the trial of that issue nor would it have unduly prejudiced McKeehan. In fact, striking the amendment does cause an undue delay in the trial of this issue, and considering the statute of limitations, not allowing the amendment could certainly unduly prejudice McElhaney.
In the interest of judicial economy and because I find no valid ground for the refusal of the amendment, I would hold that the trial court abused its discretion by striking the amended complaint; therefore, I respectfully dissent.